CAROLINA BEACH FISHING PIER, INC. v. THE TOWN OF CAROLINA
BEACH, NORTH CAROLINA

No. 192

(Filed 9 October 1968)

**1. Appeal and Error § 26— assignment of error to signing of judgment**

A sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record; the findings of fact or the sufficiency of the evidence to support them are not presented for review.

**2. Eminent Domain § 13; Municipal Corporations § 43— landowner's action for damages to or for taking of land — limitation of actions**

Section of statute which gives landowner affected by municipality's construction of a beach erosion seawall the right to assert claims against the municipality within six months after a "building line" of the altered beach has been surveyed and established must be read in conjunction with another section of the statute which provides that the municipality shall survey and establish the building line and record a map thereof with the register of deeds "within thirty (30) days from date of the completion" of the seawall; consequently, a landowner who brings action against the municipality more than six months after the survey and establishment of the building line is not barred from asserting his claim when the findings of fact affirmatively show that the building line was established before the completion of the seawall. Sections 2 and 3 of Chapter 511, Session Laws of 1963.

**3. Statutes § 5— statutory construction — sections dealing with same subject**

Parts of the same statute, and dealing with the same subject, are to be considered and interpreted as a whole.

**4. Registration § 3— registration as notice**

Registration is not constructive notice as to provisions not coming within the purview of the registration statutes even though such provisions are embodied in any instrument required to be registered.

**5. Limitation of Actions § 1— nature and construction of statute**

A statute of limitations should not be applied to cases not clearly within its provisions, nor should it be extended by construction.

**6. Limitation of Actions § 1— nature and construction of statute**

When there is doubt as to the time when the limitation commences to run, that construction should be given which is most favorable to the enforcement of the common-law rights of the citizen.

**7. Constitutional Law § 21— inalienable right of property**

The right of private property is a fundamental, material, inherent and inalienable right; it is a common-law right and it is a right guaranteed by the Federal and State Constitutions.

**8. Eminent Domain § 1— constitutional extent of power**

The private property of a citizen cannot be taken for a public use by the State or by a municipal corporation without the payment of just compensation. U. S. Constitution, 14th Amendment; N. C. Constitution, Article I, Sec. 17.

**9. Eminent Domain § 1— constitutional limitation on power**

The constitutional prohibition against taking the private property of a citizen for public use without payment of just compensation is self-executing and is not subject to impairment by legislation.

**10. Eminent Domain § 13— owner's common-law right of action**

A citizen may sue the State or one of its subdivisions, namely, a municipality, for taking his private property for a public purpose under the Constitution where no statute affords an adequate remedy.

APPEAL by plaintiff from *Mintz, J.,* 27 November 1967 Civil Session of NEW HANOVER to the North Carolina Court of Appeals. The appeal was filed in the North Carolina Court of Appeals on 25 April 1968. After the filing of the appeal and before the case was heard in the North Carolina Court of Appeals, plaintiff filed a motion in this cause petitioning the Supreme Court to have the cause certified to the Supreme Court for review. The Supreme Court in conference on 14 June 1968 in its discretion allowed plaintiff's motion and set the case for argument the first week of the Fall Term 1968. G.S. 7A-31; Rule 1, Supplementary Rules of the Supreme Court, 271 N.C. 744.

Civil action to recover from the town of Carolina Beach, a municipal corporation duly organized and existing by virtue of the laws of the State of North Carolina, just compensation by reason of the defendant town's allegedly having taken plaintiff's property, to wit, Lots 1 through 6 and Lot 9 in Block 216, according to the official plan or map of Carolina Beach, and the fishing pier located on one of the aforesaid lots, for a public purpose without the payment of just compensation, in violation of plaintiff's rights under Article I, Section 17, of the North Carolina Constitution, and under the Fourteenth Amendment to the United States Constitution. Plaintiff alleges that the fair market value of its property taken by defendant at the time it was taken was $41,000, and plaintiff prays for recovery from defendant of the amount of $41,000, with legal interest thereon from 30 March 1964 until paid.

Defendant filed an answer in which, after admitting that plaintiff was a North Carolina corporation and that it (defendant) was a North Carolina municipal corporation, that it built a berm or seawall as alleged in the complaint, and that the construction of the berm or seawall was in the exercise of a governmental function for

a public purpose, it denied all the other material allegations of the complaint. In its further answer and defense, defendant alleged in substance as follows: (1) During the course of many years much of the land abutting and fronting on the Atlantic Ocean within the town limits of Carolina Beach has been washed away by successive storms, tides, winds, and other natural forces, and as a result the Atlantic Ocean moved westwardly for a great distance particularly along the northern end of Carolina Beach, and further erosion and washing away of the beach was threatened. As a result of such erosion of the beach and the moving westwardly of the Atlantic Ocean prior to the construction of the berm or seawall by the defendant, the eastern boundary of the property described in plaintiff's complaint and claimed by the plaintiff moved gradually westwardly until such property described in the complaint was completely washed away and submerged by the waters of the Atlantic Ocean, which resulted in divesting plaintiff by action of the ocean from the ownership of the described property. If in fact plaintiff ever had a valid claim to the ownership of the described property, defendant denies its claim. (2) In the construction of the said berm or seawall, defendant replaced sand where it had been washed away and thereby created new land owned by the State of North Carolina. All the land described in the complaint was formed by restoring and filling in the shoreline along the Atlantic Ocean by pumping sand from Myrtle Grove Sound and pushing up and hauling sand onto the beach. On 22 May 1963 the General Assembly of North Carolina enacted Chapter 511 of the 1963 Session Laws entitled "An act relating to the title to the land built up and constructed in the town of Carolina Beach in the county of New Hanover as a result of certain erosion control work in said town." Section 1 of the said Act provides that so much of the lands filled in and restored which lie east of the "building line" established in said Act is granted and conveyed in fee simple to the town of Carolina Beach. All the land filled in and restored by defendant is east of the said "building line," which is shown on a map recorded in Map Book 8, page 52, of the New Hanover County Registry. The said map and "building line" were approved by the town council of Carolina Beach at a regular meeting held on 14 January 1964. By virtue of said Act the land described in the complaint belongs to defendant. (3) Section 3 of Chapter 511 of the 1963 Session Laws provides: "Any property owner or claimant of land who is in any manner affected by the provisions of this Act, and who does not bring suit against the Town of Carolina Beach, or assert such claims by filing notice thereof with the governing body of the town, either or both, as the case may be, or any claimant

thereto under the provisions of this Act, or their successor or successors in title, within six (6) months after 'the building line' is surveyed and established, and the map thereof recorded, as provided for herein, shall be conclusively presumed to have acquiesced in, and to have accepted the terms and conditions hereof, and to have abandoned any claim, right, title or interest in and to the territory immediately affected by and through or as a result of the doing of act or acts or thing or things herein mentioned, and shall be forever bound from maintaining any action for redress upon such claim." The map showing said "building line" was recorded on 8 May 1964, and this action was filed more than six months after the recording of said map; and said failure to bring this action within six months after the recording of the said map is a bar to any recovery by the plaintiff and is hereby expressly pleaded as a bar to any recovery. (4) The construction of the berm or seawall was essential as a matter of public necessity to prevent a complete eventual erosion of the beach and the destruction of the town itself. The construction of the berm or seawall was the most effective plan to control the erosion which defendant could accomplish. Defendant denies that it has damaged plaintiff's fishing pier in any way, and defendant has in no way restrained or prevented the plaintiff from moving its pier farther out into the Atlantic Ocean. Though denying that it has taken any property or rights claimed by plaintiff, defendant alleges that if any such property or rights were taken by it that such taking was not done under any power of eminent domain but under the general police power of the State to cope with public necessity and the emergency situation caused by the erosion and threatened erosion, and plaintiff is entitled to no compensation. Defendant prays that plaintiff have and recover nothing by this action.

At the November 1966 Civil Session of the Superior Court of New Hanover County, George M. Fountain, Judge Presiding, entered an order appointing James D. Carr as referee to hear said case and to find all issues both of fact and law according to the provisions of G.S. 1-195. To the signing of this order of compulsory reference all parties excepted and demanded a jury trial on all the issues of fact arising in the case. At the January 1967 Session of the New Hanover County Superior Court, Joseph W. Parker, Judge Presiding, entered an order in which, after reciting that James D. Carr was presently indisposed, he appointed Joshua S. James as referee to hear and determine said case. To this order of compulsory reference all parties excepted and demanded a jury trial.

On 18 September 1967 Joshua S. James filed his report as referee, which is in substance as follows, except when quoted:

After summarizing the pleadings in the case, the referee recited that before any hearings in the case the parties entered into three stipulations. The first two stipulations were in connection with the presentation of record evidence of title to the beach lots claimed by the plaintiff, and the third stipulation was as follows: "It is stipulated between the parties that the plea in bar set up by the defendant may be heard and determined by the Referee without prior determination by the Judge of the Superior Court, without prejudice to the rights of the parties to appeal from the Referee's findings and conclusions and their demand for a jury trial thereon, for the reason that the evidence to be adduced at the hearing before the Referee is so intertwined with the question of the validity of the plea in bar, that it is deemed advisable to hear all the evidence with respect to this controversy during this reference."

At the same time counsel agreed upon the issues to be determined as follows:

"1. Is the plaintiff's cause of action barred by the six-months statute of limitations set forth in the Legislative Act?

"2. Did the plaintiff own the property mentioned in the complaint at the time of the alleged taking?

"3. Did the defendant take any of the plaintiff's property for a public purpose?

"4. What amount in compensation, if any, is the plaintiff entitled to receive from the defendant for such taking?"

The referee's report, after reciting that he heard evidence of oral testimony and in addition illustrative photographs and color slides, as well as maps, records, written documents, reports, etc., made the following findings of fact:

### FINDINGS OF FACT

"In accordance with the stipulation and agreement hereinbefore mentioned, the first issue to be determined is whether plaintiff's cause of action is barred by the six-months limitation set out in the Legislative Act.

"Section 2 and Section 3 of Chapter 511, Session Laws of 1963, entitled 'An act relating to the title of land built up and constructed in the Town of Carolina Beach in the County of New Hanover as a result of certain erosion control work in said Town' are as follows:

" 'Sec. 2. Within thirty (30) days from the date of the completion of said work to be carried on by the Town of

Carolina Beach and referred to in the preamble hereof, the said Town of Carolina Beach shall, at its own cost, survey or have surveyed by a competent engineer a line to be known as "the building line," and which shall constitute and define "the building line" referred to in Section 1 of this Act, and which shall run the full length of the beach within the town limits, and after "the building line" shall have been surveyed and fixed and determined, the said authorities of the Town of Carolina Beach shall immediately cause to be prepared a map showing, fixing, and determining "the building line," which map so prepared shall be immediately recorded in the office of the Register of Deeds of New Hanover County in a map book kept for said purposes, after the engineer has appended an oath to the effect that said line has been truly and properly surveyed and laid out and marked on said map, and the register of deeds shall properly index and cross-index said map, and when so recorded in said map book or entered or placed therein, in lieu of inserting a transcript thereof, and indexed, the said map shall be competent and prima facie evidence of the facts thereon, without other or further proof of the making of said map, and shall conclusively fix and determine "the building line" referred to in Section 1 of this Act.

" 'Sec. 3. [Section 3 is set forth verbatim above in this opinion, and is not copied here.]' "

"It is not in dispute that a 'building line' was surveyed, determined and a map thereof prepared which was properly recorded in the Office of the Register of Deeds of New Hanover County on May 8, 1964. The plaintiff's action was not instituted until May 19, 1965, or something more than a year after the recordation of the map showing the building line. However, the evidence shows and it is not in dispute that the 'building line' was surveyed and established and the map thereof recorded *before* the completion of the work in construction of the sand berm. In fact, actual work of constructing the sand berm did not begin until December 15, 1964, and was not completed until June 9, 1965. Thus, the establishment and recordation of the building line was not only before the work was completed but before the work was even begun."

CONCLUSIONS OF LAW IN SUBSTANCE

Plaintiff did not see fit to file any reply to the answer and plead any facts upon which it would rely to avoid or repel defendant's plea in bar. When the date on which the cause of action accrued appears

in the complaint and a statute of limitations barring the action is pleaded, the defendant's plea in bar must be allowed when the plaintiff fails to allege by reply any facts which would avoid the plea in bar. The referee concluded as a matter of law that plaintiff's action is barred by the six months' statute of limitations set out in the legislative Act specifically pleaded in defendant's answer. He further concluded that defendant's motion for judgment as of nonsuit, previously denied, should be granted and this action dismissed. Having reached that conclusion the referee decided that it had become unnecessary to discuss or answer any of the other issues.

To the referee's report the plaintiff filed specific exceptions and appealed to the judge. The appeal from the referee came on for hearing before Judge Mintz at the November 1967 Civil Session of New Hanover. Judge Mintz entered an order overruling all plaintiff's exceptions, approving and confirming the referee's report, and decreeing that the defendant's plea in bar of the statute of limitations was properly allowed; and the action was dismissed with the cost taxed against the plaintiff.

To the signing and entry of the judgment, plaintiff excepted and appealed to the North Carolina Court of Appeals. As heretofore stated, the Supreme Court, upon motion of plaintiff, ordered the case transferred to it to be passed upon for review.

*John C. Wessell, Jr., and George Rountree, Jr., for plaintiff appellant.*

*Addison Hewlett, Jr., and Hogue, Hill & Rowe by Ronald D. Rowe for defendant appellee.*

PARKER, C.J.

Plaintiff has one assignment of error, which reads as follows: "That the lower Court erred in signing the Judugment of Record dismissing the plaintiff's cause of action as being time barred by the provisions of Chapter 511, Session Laws of 1963."

[1] This sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form. Plaintiff's sole assignment of error does not present for review the findings of fact or the sufficiency of the evidence to support them. 1 Strong, N.C. Index 2d, Appeal and Error, § 26.

Section 2 of Chapter 511, Session Laws of 1963, at its beginning reads as follows:

*"Within thirty (30) days from the date of the completion of said work to be carried on by the Town of Carolina Beach and referred to in the preamble hereof,* the said Town of Carolina Beach shall, at its own cost, survey or have surveyed by a competent engineer a line to be known as 'the building line' referred to in Section 1 of this Act . . ., and after 'the building line' shall have been surveyed and fixed and determined, the said authorities of the Town of Carolina Beach shall immediately cause to be prepared a map showing, fixing, and determining 'the building line,' which map so prepared shall be immediately recorded in the office of the Register of Deeds of New Hanover County in a map book kept for said purposes. . . ." (Emphasis ours.)

The preamble of the Act referred to is as follows:

"WHEREAS, during the course of many years in the Town of Carolina Beach, in the County of New Hanover, North Carolina, much of the land abutting and fronting on the Atlantic Ocean in said town formerly belonging to various property owners has been and is now being washed away by successive storms, tides and winds; and

"WHEREAS, the said Town of Carolina Beach, with aid from the State of North Carolina, the United States Government, and with its own funds, has from time to time made available funds with which to control the erosion caused by said tides and winds and other causes, and to that end the said town has pumped sand from Myrtle Grove Sound and also pushed up sand and hauled sand, and as a result thereof there has been, is now, and will be made and constructed new land on the ocean front of said town which will change the ordinary and usual low water mark of the waters of the Atlantic Ocean along the front of said town, and when the work has been completed the question will arise as to whom title to the said new land shall belong; and

"WHEREAS, it is the desire of the authorities of the Town of Carolina Beach, as well as the State of North Carolina, to fix and define the title to such new land and to fix and determine its use, and to further define the littoral rights of the property owners abutting on the ocean front which will be destroyed or taken by and through the making of such new made lands; Now, therefore: . . ."

**[2]** Section 2 of Chapter 511, Session Laws of 1963, at its beginning states in positive, clear, and unambiguous words that "within thirty (30) days from the date of the completion of said work to be carried on by the Town of Carolina Beach and referred to in the preamble hereof" the Town of Carolina Beach shall, at its own cost, survey or have surveyed by a competent engineer a line to be known as "the building line," and that after "the building line" shall have been surveyed and fixed and determined, the authorities of the said town of Carolina Beach shall immediately cause to be prepared a map and record the map in the Register of Deeds office in New Hanover County in a map book kept for said purpose. The word "complete" is defined in Webster's Third New International Dictionary in part as follows "1: to bring to an end often into or as if into a finished or perfected state . . . 2 a: to make whole, entire or perfect . . . ; b: to mark the end of. . . ."

This is said in *Daniel v. Casualty Co.*, 221 N.C. 75, 18 S.E. 2d 819:

> "We do not consider that the work is complete within the meaning of the insurance contract so long as the workman has omitted or altogether failed to perform some substantial requirement essential to its functioning, the performance of which the owner still has a contractual right to demand."

Section 3 of the Act referred to states as follows:

> "Any property owner or claimant of land who is in any manner affected by the provisions of this Act, and who does not bring suit against the Town of Carolina Beach, or assert such claims by filing notice thereof with the governing body of the town, either or both, as the case may be, or any claimant thereto under the provisions of this Act, or their successor or successors in title, within six (6) months after 'the building line' is surveyed and established . . . shall be forever bound from maintaining any action for redress upon such claim."

**[3]** This is said in *In re Hickerson*, 235 N.C. 716, 71 S.E. 2d 129:

> "In this connection, in *S. v. Barksdale*, 181 N.C. ·621, 107 S.E. 505, this Court, in opinion by Hoke, J., stated that parts of the same statute, and dealing with the same subject are 'to be considered and interpreted as a whole, and in such case it is the accepted principle of statutory construction that .every part of the law shall be given effect if this can be done by any fair and reasonable intendment; and it is further and fully established that where a literal interpretation of the language of a statute

will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded,' citing *S. v. Earnhardt,* 170 N.C. 725, 86 S.E. 960; *Abernethy v. Comrs.,* 169 N.C. 631, 86 S.E. 577; *Fortune v. Comrs.,* 140 N.C. 322, 52 S.E. 950; *Keith v. Lockhart,* 171 N.C. 451, 88 S.E. 640; Black on Interpretation of Laws (2d), pp. 23-66."

[2, 4]     Considering and interpreting the statute here as a whole, and giving effect to every part of it, we think the fair and reasonable intendment and language of the statute is that the limitation of actions set forth in Section 3 of the Act does not begin to run until 30 days from the date of the completion of said work to be carried on or carried on by the Town of Carolina Beach. In other words, a reasonable reading of the Act indicates that it was the intention of the Legislature that the work of building the berm or seawall by defendant should be completed prior to the surveying and determining and fixing and recording a map of "the building line," and that then "the building line" was to be surveyed, fixed and determined, and mapped, and the map recorded within the office of the Register of Deeds within 30 days thereafter. It seems to have been the plain purpose of the Act to have the work completed before "the building line" was established as provided in the Act, so that all property owners whose land was taken would have full and actual notice of the taking, and they could then have six months to inquire, after registration, for exact information and to take steps for just compensation. Until the berm or seawall was completed a person could not tell by seeing his land what land of his would be taken, or if any at all would be taken. The legislative purpose could not have been to make a survey party and a map recorded in the Registry (little visited except by lawyers) constructive notice of taking a man's private property for public use without payment of just compensation, even if, which we do not concede, the language of the Act requiring a recordation of the map as aforesaid comes within the purview of the registration statutes. Registration is not constructive notice as to provisions not coming within the purview of the registration statutes even though such provisions are embodied in an instrument required to be registered. *Chandler v. Cameron,* 229 N.C. 62, 47 S.E. 2d 528; 3 A.L.R. 2d 571. The procedure of making a survey and recording a map before the work is completed, and thereby starting the running of the statute, could scarcely be said to afford an adequate remedy to plaintiff for the determination of

damages to it for its private property taken by the town of Carolina Beach for a public use.

**[5, 6]**    This is said in 53 C.J.S. Limitations of Actions § 3, p. 912: ". . . (I)t is a familiar principle that a statute of limitations should not be applied to cases not clearly within its provisions; it should not be extended by construction." In 34 Am. Jur. Limitation of Actions § 37, it is said: "It is well settled that when there is doubt as to the time when the limitation commences to run, that construction should be given which is most favorable to the enforcement of the common-law rights of the citizen."

**[7-9]**    Plaintiff's suit here is for damages for taking its private property for a public use without the payment of just compensation. As has been repeatedly said, the right of private property is a fundamental, material, inherent and inalienable right. It is a common-law right which existed before the adoption of the Federal and State Constitutions. Such a right is guaranteed by the Federal and State Constitutions. 16 C.J.S. Constitutional Law § 209a; 16 Am. Jur. 2d Constitutional Law § 362. It is hornbook law that the private property of a citizen cannot be taken for a public use by the State or by a municipal corporation without the payment of just compensation. This legal requirement is guaranteed by the 14th Amendment to the Federal Constitution and by Article I, section 17, of the State Constitution. *Barnes v. Highway Commission,* 250 N.C. 378, 109 S.E. 2d 219; *Sale v. Highway Commission,* 242 N.C. 612, 89 S.E. 2d 290; *Mt. Olive v. Cowan,* 235 N.C. 259, 69 S.E. 2d 525; *Madisonville Traction Co. v. St. Bernard Min. Co.,* 196 U.S. 239, 49 L. Ed. 462; 3 Strong, N. C. Index 2d, Eminent Domain, § 1; 26 Am. Jur. 2d Eminent Domain § 7; 29A C.J.S. Eminent Domain § 97. The constitutional prohibition against taking the private property of a citizen for public use without the payment of just compensation is self-executing and is not subject to impairment by legislation. *Sale v. Highway Commission, supra.*

**[10]**    There is nothing in the record to indicate that the town of Carolina Beach has brought any condemnation proceeding against plaintiff. It is familiar learning that a citizen may sue the State or one of its subdivisions, namely, a municipality, for taking his private property for a public purpose under the Constitution where no statute affords an adequate remedy. *Midgett v. Highway Commission,* 260 N.C. 241, 132 S.E. 2d 599.

This is said in *Aylmore v. City of Seattle,* 100 Wash. 515, 171 P. 659, L.R.A. 1918E 127:

"Upon what principle of law, justice, or reason can it be

said that because one clothed with the right to condemn private property fails to exercise it, and without complying with the law goes upon the property of another and carries out its public purposes without hindrance or interference from the owner, it should not thereafter be required to do what it should have done in the first instance — make just compensation to the owner? Why should the property holder whose acquiescence has redounded to the benefit and convenience of the taker and whose right to compensation is in lieu of his property have any less period in which to recover the amount due him than he would have had to reclaim his property had he not thus accommodated the corporation? Why should a municipality which has not exercised a right conferred upon it by the sovereignty in the manner defined by the author of the right gain an additional advantage over a private owner by virtue of its own unauthorized procedure?"

[2]    In its answer the defendant admitted that it built a berm or seawall as alleged in the complaint and pleaded Chapter 511, Session Laws of 1963, and that the map showing said "building line" was recorded on 8 May 1964, and this action was filed more than six months after the recordation of said map, and that plaintiff's failure to bring this action within six months after the recording of said map is a bar to any recovery by it and is expressly pleaded as a bar to recovery. Defendant has not pleaded that the work was completed when "the building line" was surveyed and established and a map recorded. The defendant contends here, as concluded as a matter of law in the referee's report, that plaintiff instituted this action on 19 May 1965; that when the date on which the cause of action accrued appears in the complaint and a statute of limitations barring the action is pleaded, the defendant's plea in bar must be allowed when plaintiff fails to allege by reply any facts which will avoid the plea in bar by bringing the action within any particular exception or saving provision of the statute; that the plaintiff failed to file any reply in the action; and, consequently, plaintiff's action is barred. The fallacy in the conclusion of law by the referee and in the argument of defendant that plaintiff's action was barred by the limitation of time in which its action could be brought as set forth in Section 3 of the Act is demonstrated by the fact that defendant's plea of the time limitation upon the bringing of the action shows on its face that the action is not barred by the provisions of Section 3 of the Act.

This is clearly demonstrated by the referee's findings of fact as follows:

"It is not in dispute that a 'building line' was surveyed, determined and a map thereof prepared which was properly recorded in the Office of the Register of Deeds of New Hanover County on May 8, 1964. The plaintiff's action was not instituted until May 19, 1965, or something more than a year after the recordation of the map showing the building line. However, the evidence shows and it is not in dispute that the 'building line' was surveyed and established and the map thereof recorded *before* the completion of the work in construction of the sand berm. In fact, actual work of constructing the sand berm did not begin until December 15, 1964, and was not completed until June 9, 1965. Thus, the establishment and recordation of the building line was not only before the work was completed but before the work was even begun."

Defendant's answer and the findings of fact of the referee do not support the referee's conclusion and judgment that plaintiff's action was barred by limitation of time, as set forth in Section 3 of Chapter 511, Session Laws of 1963. The trial judge committed reversible error in approving and affirming the referee's report that the action of the plaintiff is barred by the provisions of the Act and dismissing the action.

The judgment of the lower court is reversed and the case is remanded to the Superior Court of New Hanover County, which court shall enter an order remanding the case to the referee with directions that the referee shall consider and answer the second, third, and fourth issues which were agreed upon by counsel for both sides, and shall make and deliver his report within the time ordered by the court to the clerk of the Superior Court of New Hanover County.

Reversed and remanded.