STEVE MORRIS v. A. E. PERKINS AND WIFE, GYPSY K. PERKINS

No. 7129SC174

(Filed 28 April 1971)

Appeal and Error § 57— judgment on pleadings for defendant — former appeal denying defendant's plea of res judicata

Determination by appellate court that the facts found or admitted support the trial court's judgment on the pleadings in favor of defendant, that the judgment is regular in form, and that error does not appear on the face of the record does not contradict the appellate court's disposition of a former appeal in which it reversed a judgment sustaining a plea of *res judicata* interposed by defendant.

APPEAL by plaintiff from *Thornburg, S.J.,* 16 November 1970 Session, TRANSYLVANIA Superior Court.

This action was previously before us on an appeal from a judgment of the superior court sustaining a plea of *res judicata* interposed by defendant. 6 N.C. App. 562, 170 S.E. 2d 642 (1969). We reversed the judgment and *certiorari* was denied by the Supreme Court. 276 N.C. 184 (1970). A summary of the pleadings is set forth in our opinion in the former appeal.

The case is now before us on an appeal by plaintiff from judgment on the pleadings in favor of defendant.

*Cecil C. Jackson, Jr., for plaintiff appellant.*

*Redden, Redden & Redden by M. M. Redden for defendant appellee.*

BRITT, Judge.

In the judgment appealed from, the court found and determined as follows:

1. On 14 November, 1968, a final judgment was entered in the General County Court of Henderson County, in the case entitled "Steve Morris, plaintiff vs. The Mountainaire Corporation, Defendant, as will appear by reference to Plaintiff's Exhibit B attached to the complaint, in which it is set forth in Paragraph numbered 2,

"That the defendant is entitled to recover of the plaintiff the principal amount of the notes sued on and set forth in the Answer, as a counterclaim and cross action, less a credit of $1000.00 on the note set forth in the first cross

action and counterclaim of the defendant, which credit is made as of the 14th day of July, 1967, together with interest at six percent per annum on the original amount to the 14th day of July, 1967, and on the balance, to wit: $15,902.50 from said date until paid."

No appeal from this judgment was entered. Plaintiff herein recognized said judgment by accepting the credit of $1000.00, being the purchase price of the stock sold at public auction and sued for in the instant action. Further, plaintiff recognized the validity of said judgment by accepting a credit of $15,902.50 on a claim owing by him and involved in the action. And in Paragraph 13 of the complaint the plaintiff alleges and admits:

"That the said promissory notes executed by the plaintiff to defendant A. E. Perkins and the said promissory notes executed by the corporation to this plaintiff have been satisfied in full by reason of judgment dated November 14, 1968 in the General County Court of Henderson County, North Carolina, a copy of said judgment is hereto attached as Exhibit "B" and incorporated herein by reference."

2. The 455 shares of stock sought to be recovered in this action was deposited with defendant A. E. Perkins simultaneously with the execution and delivery of the note, in the sum of $16,902.50, dated 1 January, 1965, and attached to the complaint as Plaintiff's Exhibit "A," as will appear by reference to the terms and provisions of said note; that the full amount of said note was recovered by foreclosure under its terms and by the entry of a judgment hereinbefore mentioned as an offset against the claim of plaintiff Morris; that the foreclosure under the terms of said Exhibit A was strictly in accordance with the terms of said note, as will appear by reference to "Notice" dated 3rd day of July, 1967, attached to plaintiff's complaint as Exhibit "C"; that at said sale defendant Gypsy Perkins became the purchaser of said stock for the consideration of $1000.00, and plaintiff recognizes this fact by tendering to the defendants, "one or both the sum of $1,000.00 for the return of the 455 shares of stock," as will appear by reference to Paragraph 6 of plaintiff's reply herein, and in open Court plaintiff again makes said tender which is refused.

3. While plaintiff alleges by way of conclusions that the transfer of the stock in the manner and way set forth in the pleadings was "void," he recognizes and confirms the validity, sale and transfer of said stock in his pleadings and by his acceptance of the benefits thereof in the Henderson County judgment and otherwise, to the end that he has paid certain of his obligations by reason of the offsets in said Henderson County judgment, from which no appeal was taken and no effort made to modify or change any portion of the judgment.

4. That because of the facts herein found and the other facts pleaded by plaintiff in his complaint and reply, the Court is of the opinion that plaintiff does not state a claim upon which relief can be granted and that the motion for judgment on the pleadings should be allowed;

Plaintiff's sole exception and assignment of error is to the signing of the judgment. In *Fishing Pier v. Carolina Beach*, 274 N.C. 362, 163 S.E. 2d 363 (1968), in an opinion by Parker, Chief Justice, our Supreme Court said:

"This sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form."

In the case before us, we hold that the facts found by the trial court, or admitted, support the judgment, that the judgment is regular in form, and that error does not appear on the face of the record.

The question then arises, does our disposition of this appeal contradict our disposition of the former appeal? We think not, the primary difference being one of procedure.

On the former appeal, we were dealing with defendant's plea of the county court judgment as *res judicata* of the present action. Under *Lumber Co. v. Hunt*, 251 N.C. 624, 112 S.E. 2d 132 (1959), and cases therein cited, the questions before us then were: Was the former adjudication on the merits of the action? Was there *identity of parties* and of subject matter in the two actions? And, were the merits of the two actions identical? This test impelled a negative answer.

The questions before us on this appeal are: Do the facts found or admitted support the judgment? Is the judgment regular in form? Is the face of the record free of error? *Fishing Pier v. Carolina Beach, supra.* An application of this test, impels an affirmative answer.

The judgment appealed from is

Affirmed.

Judges CAMPBELL and GRAHAM concur.