MARY L. COHEN v. MONUMENTAL LIFE INSURANCE COMPANY

No. 7311SC231

(Filed 14 March 1973)

Insurance § 14; Appeal and Error § 26— death during war — exclusion of liability — no error

There was no error in judgment of the trial court that plaintiff was precluded from recovering for the death of insured who was killed in a helicopter crash in Thailand within one year after effective date of the insurance by a clause in the policy excluding coverage for death within one year resulting from war or any act of war.

APPEAL by plaintiff from *Braswell, Judge,* 20 November 1972 Session of LEE Superior Court.

Plaintiff instituted this action to recover $10,000.00 allegedly due her as beneficiary under a policy of life insurance. Jury trial was waived and the controversy was submitted upon an agreed statement of facts and certain exhibits. The court found facts summarized in pertinent part as follows: (Numbering ours.)

1. On 3 February 1969, Harry Cohen (Cohen) became insured under a policy of insurance issued by defendant. Said policy contained the following exclusion:

"The insurance provided for any Member insured on or after March 1, 1966 shall not cover death within one year after the effective date of such member's insurance which death results directly or indirectly, wholly or partly, from war or any act of war, declared or undeclared."

2. Cohen's death occurred on 19 July 1969 within the boundaries of an air base in Thailand as a result of injuries he sustained on that date when a U. S. Air Force helicopter in which he was riding crashed. At the time of his death Cohen was serving on active duty in the U. S. Air Force as a pararescue and survival technician and was engaged in a rescue mission involving a U. S. Air Force aircraft which had sustained an accident while taking off. The aircraft exploded causing the helicopter to crash. The aircraft was scheduled for a combat mission. Thailand adjoins Vietnam and in July 1969 the United States of America was engaged in armed hostilities in and around Vietnam.

The court concluded that the armed hostilities in which the U.S.A. was engaged in and around Vietnam in July 1969 constituted an undeclared war or act of war within the meaning of the insurance policy aforesaid; that Cohen's death occurred within one year after the effective date of said policy and resulted directly or indirectly, wholly or partly, from an undeclared war or act of war; that Cohen's death resulted from a cause expressly excluded from said policy; therefore, defendant is not liable to the beneficiary for death benefits.

The court adjudged that plaintiff recover nothing from defendant. Plaintiff appealed.

*Love & Ward by Jimmy L. Love for plaintiff appellant.*

*Pittman, Staton & Betts by Lowry M. Betts for defendant appellee.*

BRITT, Judge.

Plaintiff's sole exception and assignment of error is to the signing of the judgment. In *Fishing Pier v. Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968), in an opinion by Parker, Chief Justice, our Supreme Court said:

"This sole assignment of error to the signing of the judgment presents the face of the record proper for review,

but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form. * * * "

See also *Hall v. Board of Elections,* 280 N.C. 600, 187 S.E. 2d 52 (1972) and *Morris v. Perkins,* 11 N.C. App. 152, 180 S.E. 2d 402 (1971), cert. den. 278 N.C. 702.

In the case at bar, we hold that the facts found by the trial court, or admitted, support the judgment, that the judgment is regular in form, and that error does not appear on the face of the record.

The judgment appealed from is

Affirmed.

Judges PARKER and HEDRICK concur.