JOSEPH BURROUGHS T/A QUALITY HEATING AND AIR CONDI-
TIONING v. TARHEEL HOMES & REALTY, INC., UNIVERSITY
TOWNHOUSES AND M. K. BRANCH

No. 733DC495

(Filed 25 July 1973)

Appeal and Error § 26— implied exception to signing and entry of judg-
ment
       Where defendant made no exception to any finding of fact, the
court on appeal assumes an implied exception to the signing and
entry of the judgment.

APPEAL by defendant University Townhouses, Inc., from
*Whedbee, Judge,* at the 5 March 1973 Session of District Court
held in PITT County.

Plaintiff instituted this action against the three defend-
ants named in the caption to recover $1,401.87 (plus interest
and costs) for installation of duct work in connection with, and
repair services performed on, certain heating and air condi-
tioning equipment belonging to defendant University Town-
houses, Inc. (Townhouses). Defendants filed answers denying

any indebtedness to plaintiff and defendant Townhouses asserted a counterclaim and setoff for $2,000.

Jury trial was waived. After hearing evidence presented by all parties, the court entered an order dismissing the action as to defendants Tarheel Homes & Realty, Inc., and Branch, and entered judgment finding facts and adjudging that plaintiff recover $700 and costs from defendant Townhouses.

Defendant Townhouses appealed.

*Laurence S. Graham for plaintiff appellee.*

*Gaylord and Singleton by A. Louis Singleton for defendant appellant.*

BRITT, Judge.

The sole purported assignment of error brought forward and argued in appellant's brief is that the court erred "in finding that the plaintiff should recover a sum of money from University Townhouses, Inc."

The record on appeal discloses no exceptions by appellant to the "proceedings, ruling, or judgment of the court" as required by Rules 19 (c) and 21 of the Rules of Practice in the Court of Appeals. Inasmuch as there is no exception to any finding of fact, we assume that "implied" exception is to the signing and entry of the judgment.

In *Fishing Pier v. Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968), our Supreme Court, speaking through Chief Justice Parker, said:

> "This sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form."

See also *Morris v. Perkins,* 11 N.C. App. 152, 180 S.E. 2d 402 (1971) ; cert. den., 278 N.C. 702, 181 S.E. 2d 602.

In the instant case we hold that the facts found by the trial court, or admitted, support the judgment, that the judgment is regular in form, and that error does not appear on the face of the record.

The judgment appealed from is

Affirmed.

Judges CAMPBELL and BALEY concur.