LINCOLN COUNTY, A MUNICIPAL CORPORATION, PLAINTIFF v. B. AT-WOOD SKINNER, JR., JAMES H. BENTON, DICKERSON, INCOR-CORPORATED, AND SEABOARD SURETY COMPANY, DEFENDANTS

— AND —

WINSTON TILE COMPANY, ADDITIONAL PARTY DEFENDANT.

No. 7327SC344

(Filed 1 August 1973)

1. **Appeal and Error § 26— exception to judgment — matters reviewable**

    Plaintiff's exception to the judgment presented the face of the record for review, which included whether the facts found or admitted supported the conclusions of law and whether the judgment was proper in form.

2. **Appeal and Error § 57; Contracts § 27— breach of contract — sufficiency of trial court's findings**

    Evidence supported the trial court's findings and conclusions that defendants furnished and installed conductive terrazzo floors in certain operating and obstetrical rooms in a hospital in accordance with the terms and specifications of their contract with plaintiff, and defendants were entitled to recover on their counterclaim for the final payment of fees for architectural services rendered plaintiff.

APPEAL by plaintiff from *Martin (Harry C.), Judge,* 12 October 1972 Session of Superior Court held in LINCOLN County.

This is a civil action instituted by plaintiff, Lincoln County, against B. Atwood Skinner, Jr., and James H. Benton, Architects; Dickerson, Inc., General Contractor; Seaboard Surety Company, Bonding Company; and Additional Defendant, T. F. Poteat T/A Winston Tile Company, Sub-contractor, to recover damages for an alleged breach of contract in the installation of conductive terrazzo flooring in the Lincoln County Hospital.

After a trial without a jury, Judge Martin made findings of fact which, except where quoted, are summarized as follows:

1. By agreement dated 11 May 1966, plaintiff entered into a contract with defendant architects to provide professional services in connection with the construction of a hospital in Lincolnton, North Carolina.

2. By agreement dated 5 July 1967, plaintiff entered into a contract with defendant general contractor to construct the hospital building.

3. By agreement dated 19 October 1967, the general contractor entered into a contract with defendant sub-contractor for tile work for the hospital, including the furnishing and installation of conductive terrazzo floors in certain operating rooms and obstetrical rooms.

4. The specifications prepared by the architects were proper specifications, and among other provisions called for the conductive floors to contain materials and to be installed in accordance with the recommendations of National Terrazzo Manufacturers Association and Bulletin 56 of The National Fire Protection Association.

5. The sub-contractor under supervision of the general contractor constructed and installed the conductive terrazzo floors in accordance with the plans and specifications.

6. As required by the specifications, the conductive terrazzo floors were tested by an independent testing laboratory, Chem-Bac Laboratory, Inc., of Charlotte, North Carolina, on 24 July 1969, after they had been completed, and were found to be satisfactory and within the requirements of National Terrazzo Manufacturers Association and Bulletin 56 of the National Fire Protection Association.

---

---

7. Subsequent to the completion of the conductive terrazzo floors, the hospital building was placed in charge of Lincoln County Hospital, Inc., and employees of Lincoln County Hospital, Inc., undertook the cleaning and maintenance of the floors.

8. Upon taking charge of the building and floors, personnel of Lincoln County Hospital, Inc., used a product with the trade name "AMPHYL" to clean the floors, such product being used on the conductive floors several times a day following use of the rooms having such floors.

9. The conductivity of the conductive terrazzo floors, and the floors involved in this action, was destroyed by the use of the product "AMPHYL" by personnel employed by Lincoln County Hospital, Inc., which was then in charge of and operating the hospital building.

10. At the present time, the terrazzo floors involved in this action are nonconductive.

11. Plaintiff's evidence failed to show any breach of duty by any defendant.

12. Plaintiff has withheld final payment of fees due the architects in the amount of $4,794.78, which balance was billed by the architects to the plaintiff on 21 November 1969. The architects have performed their contract, and the plaintiff is indebted to them in the amount of $4,794.78 with interest from 1 January 1970 until paid.

Based on these findings of fact the trial court concluded: The plaintiff had failed to carry its burden of proof "as to any failure on the part of any of the defendants to properly perform their contracts and agreements," and that "plaintiff failed to carry the burden of proof so as to show what damages, if any, were sustained by the plaintiff," and that "plaintiff is indebted to B. Atwood Skinner, Jr., and James H. Benton for the balance of their architectural fees in the amount of $4,794.78 with interest from 1 January 1970 until paid."

From a judgment declaring that plaintiff have and recover nothing from defendants or any of them; and that the defendants Skinner and Benton have and recover of plaintiff the sum of $4,794.78 together with interest thereon from 1 January 1970 on their counterclaim, the plaintiff appealed.

*W. H. Childs and W. M. Nicholson for the plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman by Wayne Paul Huckel and Hugh L. Lobdell for defendant appellees, B. Atwood Skinner, Jr., and James H. Benton.*

*Koy E. Dawkins for defendant appellee, Dickerson, Incorporated.*

*Don M. Pendleton for additional party defendant appellee, Winston Tile Company.*

HEDRICK, Judge.

Plaintiff's claim for damages is based on its contention that the defendants failed to furnish and install conductive terrazzo floors in certain operating and obstetrical rooms in the hospital in accordance with the terms and specifications of the contract.

The burden was on plaintiff to satisfy the finder of facts by the greater weight of the evidence that the defendants, or one of them, breached their agreement and that plaintiff was damaged thereby.

Twenty-five of the twenty-six exceptions noted in the record relate to the admission and exclusion of evidence. Plaintiff has not argued or cited any authority in support of these exceptions, and the same are deemed abandoned. Rule 28 of the Rules of Practice in the North Carolina Court of Appeals.

No exception is noted in the record to any of the facts found by Judge Martin. Thus, the question of the sufficiency of the evidence to support the findings of fact is not raised. Nevertheless, a careful review of the record discloses that there is plenary competent evidence to support all of the material facts found.

[1] The exception to the judgment (number twenty-six) presents the face of the record for review, which includes whether the facts found or admitted support the conclusions of law and whether the judgment is proper in form. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968).

[2] Clearly the facts found by Judge Martin supports the conclusion that the plaintiff has failed to carry the burden of proof on its asserted claim, and the defendants, Skinner and

Benton, are entitled to recover on their counterclaim. The judgment is

Affirmed.

Judges BRITT and VAUGHN concur.