N. C. Bd. of Examiners for Speech v. State Bd. of Education

for exemption as a trustee pursuant to the provisions of G.S. 93A-2(c)(5).

The Real Estate Licensing Act, Chapter 93A of the General Statutes, is designed for the public's protection, to assure that persons engaged in selling real estate for compensation be regulated. Statutory exemptions should be construed very carefully to assure that the purposes of the Act are not frustrated and that the consuming and using public is protected. The majority opinion would open the door to real estate sales by unlicensed persons who call themselves "trustees" but nevertheless are involved in the transaction primarily as sales agents for compensation.

---

NORTH CAROLINA BOARD OF EXAMINERS FOR SPEECH AND LANGUAGE PATHOLOGISTS AND AUDIOLOGISTS v. NORTH CAROLINA STATE BOARD OF EDUCATION, A. CRAIG PHILLIPS, SUPERINTENDENT OF PUBLIC INSTRUCTION, NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION, CITY OF KINSTON BOARD OF EDUCATION, CHERYL D. MALONE, DUANE O. MOORE, SUPERINTENDENT OF THE KINSTON CITY SCHOOLS, MACON COUNTY BOARD OF EDUCATION, LONNIE H. CRAWFORD, SUPERINTENDENT OF MACON COUNTY SCHOOLS, AND PATRICIA MORGAN CABE

No. 8510SC16

(Filed 1 October 1985)

Professions and Occupations § 1— certificate in speech pathology—license required for audiology

A person certified by the Department of Public Instruction in speech and language pathology is not exempt under G.S. 90-294(c)(4) from the licensing requirements for audiologists and may not practice audiology without a license.

APPEAL by defendants from *Barnette, Judge.* Judgment entered 7 November 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 23 August 1985.

This is a declaratory judgment action in which plaintiff sought construction of G.S. 90-294(c)(4), which exempts from the licensing requirements of the Licensing Act for Speech and Language Pathologists and Audiologists (the Act), G.S. 90-292 *et seq.*:

A person who holds a valid and current credential as a speech and language pathologist or audiologist issued by the North Carolina Department of Public Instruction or who is employed by the North Carolina Schools for the Deaf and Blind, if such person practices speech and language pathology or audiology in a salaried position solely within the confines or under the jurisdiction of the Department of Public Instruction or the Department of Human Resources respectively.

The present controversy arose when two persons, defendants Cheryl D. Malone and Patricia Morgan Cabe, certified by the North Carolina Department of Public Instruction in speech and language pathology, engaged in the practice of audiology. Upon receiving complaints that Malone and Cabe were engaged in the practice of audiology without a license, plaintiff instituted investigative proceedings against them. Defendants resisted these proceedings on the grounds they were exempted from the licensing requirements of the Act through G.S. 90-294(c)(4). They relied upon an opinion of the North Carolina Attorney General which construed G.S. 90-294(c)(4) as stating that so long as one is certified by the Department of Public Instruction in either speech and language pathology or audiology, that person is completely exempted from the Act and may practice in both fields without a license. Plaintiff, urging a more narrow interpretation of G.S. 90-294(c)(4) by arguing that one certified in one field is exempt from the Act only in the field for which one is certified, filed this declaratory judgment action. After hearing arguments, the trial court agreed with plaintiff and ruled:

1. The General Assembly intended that a person employed in the public school system under the jurisdiction of the Department of Public Instruction would be exempt from licensure under G.S. 90-294(c)(4) only for practice or activity in the specific field of certification by the State Board of Education or Department of Public Instruction, and that a person employed and certified as a speech pathologist would not be exempt from the licensure law with respect to the practice of audiology.

2. The North Carolina Board of Examiners has jurisdiction and regulatory authority over employees of local school boards and the Department of Public Instruction and State

Board of Education with respect to activities within the field of audiology engaged in by persons who are certified by the State Board of Education or the Department of Public Instruction in the field of speech and language pathology only.

3. Employees of local school boards are deemed to be persons practicing under the jurisdiction of the Department of Public Instruction for the purpose of qualifying for the exemption as being employed in an exempt setting, so long as they do not engage in the practice of audiology if they are certified by the State Board of Education or Department of Public Instruction in the field of speech and language pathology alone.

From this decision, defendants appealed.

*Randall, Yaeger, Woodson, Jervis & Stout, by John C. Randall, for plaintiff appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Edwin M. Speas, Jr.; Richard S. Jones, Jr.; and Morris, Rochelle and Duke, by Thomas H. Morris, for defendant appellants.*

JOHNSON, Judge.

In construing a statute, we are guided by the primary rule of construction that the intent of the legislature controls. *In re Hardy*, 294 N.C. 90, 240 S.E. 2d 367 (1978). In determining the legislative intent, we must look to the language of the act, its legislative history, and the circumstances surrounding the enactment of the act with an eye towards the evil sought to be remedied. *Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E. 2d 548 (1967). We must avoid a construction which will defeat or impair the object of a statute, and should give the statute a construction which, when practically applied, will tend to suppress the evil which the legislature sought to avoid. *In re Hardy, supra.* We must consider and interpret as a whole parts of the same statute dealing with the same subject. *Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E. 2d 363 (1968).

With these principles of statutory construction in mind, we construe the statute. The intent of the General Assembly and the evil to be avoided are clearly stated in G.S. 90-292:

>It is declared to be a policy of the State of North Carolina
>that, in order to safeguard the public health, safety, and
>welfare; to protect the public from being misled by incompe-
>tent, unscrupulous, and unauthorized persons and from un-
>professional conduct on the part of qualified speech and
>language pathologists and audiologists and to help assure the
>availability of the highest possible quality speech and lan-
>guage pathology and audiology services to the communica-
>tively handicapped people of this State, it is necessary to
>provide regulatory authority over persons offering speech
>and language pathology and audiology services to the public.

It is also clear from the Act that speech and language pathology and audiology are two separate and distinct fields. G.S. 90-294(a) significantly provides: "Licensure shall be granted in *either* speech and language pathology *or* audiology independently. A person may be licensed in *both areas if he is qualified.*" (Emphasis added.) This separateness and distinctness is borne out further in the definitions to the Act. "The practice of audiology" is defined as "the application of principles, methods, and procedures of measurement, testing, evaluation, prediction, consultation, coun-seling, instruction, habilitation or rehabilitation related to hearing and disorders of hearing for the purpose of identifying, prevent-ing, ameliorating, or modifying such disorders and conditions in individuals and/or groups of individuals." G.S. 90-293(6). "The prac-tice of speech and language pathology" is defined as "the applica-tion of principles, methods, and procedures for the measurement, testing, evaluation, prediction, counseling, instruction, habilita-tion, or rehabilitation related to the development and disorders of speech, voice, or language for the purpose of identifying, prevent-ing, ameliorating, or modifying such disorders." G.S. 90-293(7). This distinctness and separateness is borne out even further by the repeated and consistent usage of the disjunctive "or": "speech and language pathology *or* audiology." *See, e.g.* 90-293(8)(d); 90-294(a); 90-294(b); 90-294(c)(1); 90-294(c)(2); 90-294(h); 90-295; 90-295(2); 90-295(2)(c); 90-295(2)(d); 90-295(4); 90-297(b); 90-298(b); 90-299; and 90-302(2).

To be eligible for licensing, an applicant must complete, *inter alia,* thirty semester hours of coursework in courses "that provide information relative to communication disorders and information about and training in evaluation and management of speech,

language and hearing disorders. At least 24 of these 30 semester hours must be in courses in the professional area (speech and language pathology or audiology) for which the license is requested, and no less than six semester hours may be in audiology for the license in speech and language pathology or in speech and language pathology for the license in audiology." G.S. 90-295(2)(b). Thus, while the General Assembly has provided for a curriculum which provides exposure to both fields, it has required an applicant to have in-depth training and education in the particular field for which an applicant is seeking licensing to practice, consistent with its aim of providing for the "highest possible quality speech and language pathology services to the communicatively handicapped people of this State." It would thus defeat the legislature's intent if one licensed in one field only were allowed to practice in the other field as the public would not be receiving the "highest possible quality" services.

*A fortiori*, it follows that the General Assembly did not intend for one certified by the Department of Public Instruction in speech and language pathology to practice audiology as the hearing impaired child would not be receiving the highest possible quality audiological services. The defendants' construction of G.S. 90-294(c)(4) contravenes the legislative intent and must be disregarded. The trial court's construction best follows the legislative intent.

Alternatively, defendants contend that G.S. 90-294(b) prevents the licensing board from exercising any authority over any person holding any certificate from the State Board of Education and employed by a local board of education. G.S. 90-294(b) provides in pertinent part: "Nothing in this Article, however, shall be considered to prevent a qualified person licensed in this State under any other law from engaging in the profession for which such person is licensed." G.S. 90-294(b) is not applicable to the present case because it does not come into play unless one is being prevented from engaging in a profession for which one is licensed under another law. Here, if it is assumed *arguendo* a certificate from the Department of Public Instruction is a license, defendants Malone and Cabe have not been prevented from engaging in the practice of speech and language pathology.

Defendants also contend that summary judgment for plaintiff was improper because there is an issue of fact as to whether de-

fendants Malone and Cabe were engaged in the practice of audiology. Defendants, however, stipulated that they were engaged in the practice of audiology. This contention is without merit.

For the foregoing reasons, we find no error in the trial court's findings and conclusions. The court's judgment is

Affirmed.

Judges EAGLES and PARKER concur.