Battle, J.
 

 The first.objection which appears in the de-' fendant’s bill of exceptions is, to the competency of the witness, Thomas J. Etheridge. ITe was landlord of the plaintiff, and, as such, was entitled to receive from him, as rent, one-third of the crop made on the land to which the injury was alleged to have been done. The objection is clearly untenable. This claim upon the plaintiff was only for a certain portion of the crop actually made by the plaintiff, whether much or little. He was not entitled to any part of the damages which the plaintiff might recover, and if he were injured by the act of the defendant whereby the part of the crop which he might otherwise have received was diminished, he could bring an action himself against the defendant, to recover damages adequate to his loss. It was, indeed, stated, that he he had brought such an action, which was then pending. lie may have had an interest in the event of the question, but he had certainly none in the event of the suit, which alone can exclude a witness. The 63d chapter, section 1st, of the Eevised Code, which gives to the landlord, who is to receive from his tenant a par-t of the crop, as rent, a
 
 quasi
 
 right of action against an officer, who removes it, does not vary the rule, because, although he' may have a special action on the case against the officer who levies upon it and takes it away, yet he cannot maintain trespass, for he has neither the possession, nor the property.
 
 Peebles
 
 v. Lassiter, 11 Ired. Rep. 13.
 

 There is nothing in the objection to the testimony as to the price of corn about the time of the injury, with a view to the amount of the damages. The price of the article at the markets of Norfolk and Elizabeth City, was proved for the express purpose of ascertaining its value in the county of Curri-tuck, where the trespass was committed. As the injury was
 
 *229
 
 committed upon a growing crop of corn, it was impossible to ascertain the extent of the damage resulting from it, without an inquiry into the value of that article in its matured condition. The testimony admitted for the purpose of ascertaining the damage,, being proper, the rule laid down by his Honor for fixing upon the amount, was undoubtedly correct. It was, that the plaintiff “ was entitled to recover damages for the loss he had sustained, if that loss was connected immediately with the act of the defendant.” We are at a loss to conceive what other rule, having the semblance of justice, could have been announced by his Honor; and so far from being opposed to, it is supported by, what was said by this Court in the recent case of
 
 Hendrickson
 
 v.
 
 Anderson, 5
 
 Jones’ Rep. 247, referred to by the defendant’s counsel. See also
 
 Dickenson v. Bogle,
 
 17 Pick. Rep. 78, cited for the plaintiff, in which it is said, that where an act complained of is admitted to have been done with force, and to constitute a proper ground for an action of trespass
 
 vi et armis,
 
 all the damage to the plaintiff, of which such injurious act was the efficient cause, and for which the plaintiff is entitled to recover, in any form, may be recovered in such action, although such damage did not occur until some time after the a<?t was done.
 

 There is not the slightest foundation for the objection that the Court erred in saying there was no evidence that the obstruction was placed in the ditch after the sale to the defendant. All the testimony which was given on that subject, was that the ditch was filled up
 
 before
 
 the sale to the defendant, and, consequently, he was guilty of the trespass complained of, by sending his overseer and his hands into the plaintiff’s field and opening it, whereby he flooded the plaintiff’s corn.
 

 Pick Gotham, Judgment affirmed.