### JOHN M. ROBERTS v. ELISHA COLE.

*Breach of Contract—Measure of Damages.*

1. Where owners of land agreed to keep up a division fence and defendant failed to fulfil his contract by reason of which stock broke in and injured plaintiff's crop, and in an action for damages the court told the jury that plaintiff was entitled to recover the cost of repairing the fence and " the difference between what the crop would have made and what was made ; " *Held*, the latter part of the charge is erroneous.

2. The measure of damage in such case is the cost of reparation and such sum as will cover the injury done to the crop before plaintiff knew of the breaking in and had time to put up the fence, to be ascertained by the jury without reference to the conjectural estimate of the value of the crop if it had not been interfered with.

(*Boyle* v. *Reeder*, 1 Ired., 607 ; *Foard* v. *R. R. Co.*, 8 Jones 235 ; *Mace* v. *Ramsey*, 74 N. C., 11, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of MOORE Superior Court, before *McKoy, J.*

Verdict in favor of the plaintiff, judgment, appeal by defendant.

*Mr. Neill McKay,* for plaintiff.

*Messrs. Worthy* and *Hinsdale & Devereux,* for defendant.

SMITH, C. J. The parties to the suit entered into a mutual agreement to build and keep in repair, each a separate portion of a common division fence, which separated and protected their respective cultivated fields. The defendant failed to fulfil his contract, and his part of the fence becoming decayed and rotten, hogs broke through into the plaintiff's field, and rooted up and injured his crop, and this action is brought to recover compensation in damages therefor. The only exceptions of the appellant taken during the trial are:

1. The refusal of the court to charge the jury that the plaintiff was entitled to recover, for the breach of the contract, the value of the labor and materials necessary to put the fence in good order, and

2. In the instruction given, that if the fence was in the contemplation of the parties intended to protect the crop from depredations of stock, the plaintiff was entitled in addition to the costs of reparation, to be remunerated for the injury to his crop, and the measure of his damages was the difference between what the crop, undisturbed, ordinarily

would be, and that which was made, diminished by the breaking in of the hogs.

While the court very properly declined to restrict the plaintiff's claim to compensation for the defendant's breach of contract as requested, and correctly directed the jury to estimate and allow for the ravages of the hogs, the rule by which the measure of his injury was to be ascertained, was too vague and uncertain to act upon. The value of the crop made is capable of definite calculation, but what it would have made if it had not been interfered with, the other element in the proposition, is and must be purely and wholly conjectural. The season may have been more favorable to later planting, and many contingencies may be supposed, in a greater or less degree, affecting and determining the result. It was therefore erroneous to leave the defendant's liability dependent upon such an uncertainty.

In *Boyle* v. *Reeder*, 1 Ired. 607, the plaintiff sued the defendant for a breach of covenant in failing to furnish an engine for his mill within the stipulated time, and as compensation for the delay claimed its anticipated earnings and profits when in active operation. In delivering the opinion, RUFFIN, C. J. says: "Very certainly damages are not to be measured by any such vague and indeterminate notion of anticipated profits of a business or adventure, which like this depends so much on skill, experience, good management and good luck for success," and that his damages were "a reasonable rent and insurance during the period of suspension," in addition to the expense of supplying the defective parts of the machinery. So in *Foard* v. *R. R. Co.*, 8 Jones, 235, where the defendant was charged with negligence and delay in forwarding a steam pipe needed in working the plaintiff's flouring mill, the rule laid down in *Boyle* v. *Reeder*, was approved, and BATTLE, J., adds: "The plaintiff will be entitled to recover from the defendant in another trial, compensation for his capital invested, while it was

lying idle for the want of the pipe, not forwarded in proper time, that is, the legal interest on such capital, also for any workmen or hands, necessarily unemployed for the same cause, and also for the expenses of sending the machinist after the necessary pipe, besides any other damages which were the direct and necessary result of the defendant's neg- ligence."

In *Mace* v. *Ramsey*, 74 N. C. 11, the defendant had agreed to construct a boat for the plaintiff in time to be used in the transportation or ferriage of an excursion party, expected soon to arrive, and failed to do so. It was declared by the court that inasmuch as the use of the boat for this special occasion was contemplated by the parties to the contract, " the immediate and necessary consequence of the failure of the defendant to furnish the boat, was the loss of the plain- tiff of the *fares of the passengers engaged* by him for the trip to Beaufort and excursions in the harbor."

Applying the rule thus laid down to the facts of the present case, the jury should have been instructed to give the plaintiff as damages such sum as would repair and put the defective fence in order, and cover the injury done to the crop before the plaintiff knew of the irruption of the hogs and had time to drive them out and put up the fence; *these to be ascertained and estimated*, and irrespective of any conjectural estimate of the value of the crop if it had not been interfered with. For this error there must be a *venire de novo* and it is so ordered. Let this be certified.

Error. *Venire de novo.*