W. R. DIXON v. DISTRICT GRAND LODGE OF ODD FELLOWS ET AL.

(Filed 26 September, 1917.)

1. **Principal and Agent—Evidence—Fraternal Orders—Scope of Agency—Fences.**

    The defendant, a fraternal order, owned a farm enclosed with the same fence as that of plaintiff, without a division fence, which had remained so for a number of years. The farm of defendant was managed by a board of nonresident trustees, except one, who acted as managing agent thereof. *Held*, evidence of an agreement made by the defendant's managing agent that defendant was to maintain the fences around its part of the property and plaintiff was to do likewise as to the fence on his own land is competent to bind the defendant thereto, the same being within the ostensible scope of the authority of defendant's agent, without the necessity of a specific resolution to that effect passed by the defendant fraternal order.

2. **Contracts—Fences—Stray Cattle—Crops—Measure of Damages—Duty to Decrease.**

    Where the plaintiff and defendant have entered into an agreement to surround their adjoining farms with one fence, without a divisional one, each to keep up the fence on his own land, and the plaintiff's crop has been damaged by stray hogs and cattle coming through defendant's part of the fence left in negligent condition, the measure of damages is the reasonable value of the crops destroyed; and the principle has no application that it is the duty of one sustaining damages through the negligent act of another to do what he reasonably can to decrease them, or, in this instance, go upon defendant's land and repair the fence.

APPEAL by defendants from *Stacy, J.,* at April Term, 1917, of
CRAVEN.

*D. L. Ward for plaintiff.*
*Owen H. Guion for defendants.*

CLARK, C. J. The plaintiff and defendants owned adjoining tracts
of land. The jury find the facts in accordance with plaintiff's evidence,
as follows: By agreement between them, which had been in force for
several years, there was to be no division fence, but the defendants were
to keep up the outside fence on their side and the plaintiff was to do
the same on his side, so that the two tracts of land were under a ring
fence. Indeed, before the plaintiff and the defendants went into pos-
session, the whole farm was enclosed by one fence, and the plaintiff and
defendants, to save expense, agreed that no dividing fence should be
built.

The plaintiff kept up his part of the fence, but the defendants neg-
lected to keep up the outside fence on their side, and let it go down
for a long distince, whereby they permitted cattle and hogs to get into
plaintiff's field and destroy his crop.

Exceptions 1, 2, 3, and 4 as to the evidence of the contract cannot be
sustained. The farm was managed by a board of trustees who were
nonresident, except one (Lawrence), who had charge of the farm. He
was general agent and acting in the apparent scope of his business.
Besides, the agreement had existed since 1912 and the board of man-
agers were presumably fixed with knowledge of the arrangement by
reason of the fact that there was no division fence. The letter written
by Lawrence giving instructions as to the fence was on the paper of
the Grand Lodge, of which Lawrence was a high official. He admits
his signature to be genuine, and is corroborated by the testimony of
the plaintiff that Lawrence had authority to act, and in fact did act,
as general agent in charge of the property. It could hardly be expected
that an agreement of this kind should be made by a resolution of the
Grand Lodge. It was a matter of adjustment between its agent in
charge of the farm and the plaintiff as a neighbor.

The motion to nonsuit was properly denied. The court properly
charged that the damages, if the jury found that damages were sustained
by the negligence of the defendants, were the reasonable value of the
crops destroyed. *Hawk v. Lumber Co.,* 149 N. C., 10. The defendants
insist that the measure of damages should have been the cost of repair-
ing the fence and such damages to the crop as accrued before the plain-
tiff had knowledge of the condition of the fence. But the fence that was
out of repair was on the defendants' outside line and the plaintiff could

not cross the defendants' line to make such repairs without being a trespasser. The plaintiff's fence was in good condition according to the contract.

The rule which requires a party injured by the wrongful act of another to do what he reasonably can to decrease the damages cannot be extended to a case like this. The plaintiff was not required to go upon defendants' land and put up defendants' fence for a mile or more to keep out the cattle. This would have been protecting the defendants' land at the plaintiff's expense. If the plaintiff's fence around his own crop had been thrown down by cattle, then the proposition that he was entitled against their owner only to the damage sustained on that occasion, and the cost of repairing his fence, would be reasonable. He should not let his fence stay down merely to enhance his damages. But here it is not the plaintiff's fence that was down, nor on the plaintiff's land, but the defendants' fence on their own land. The two cases are not analogous.

The other exceptions require no discussion.

No error.