CLAUDE WHITAKER v. HERBERT R. EARNHARDT

No. 73

(Filed 29 January 1976)

1. **Appeal and Error § 26; Rules of Civil Procedure § 52— failure to except to findings — sufficiency of evidence to support findings — appellate review**

   The failure to except to the findings of the trial judge does not necessarily preclude appellate review on the question of whether the evidence supported the findings of fact. G.S. 1A-1, Rule 52(c).

2. **Rules of Civil Procedure § 50— nonjury trial — motion for judgment n.o.v.**

   A motion for judgment n.o.v. is inappropriate in a case tried by the court without a jury. G.S. 1A-1, Rule 50(b).

Whitaker v. Earnhardt

3. **Rules of Civil Procedure § 41— motion to dismiss**

The lodging of a motion to dismiss under Rule 41(b) permits the trial judge to weigh the evidence, find facts against plaintiff and sustain defendant's motion at the conclusion of plaintiff's evidence even though plaintiff may have made out a *prima facie* case which would have repelled the motion for nonsuit under the former practice.

4. **Rules of Civil Procedure § 41— motion to dismiss — judgment after all evidence**

In case of a motion to dismiss, it is the better practice for the trial judge to decline to render judgment until all the evidence is in except in the clearest cases.

5. **Animals § 3— escape by cattle — damage to crops — negligence**

The evidence was sufficient to support the trial court's determination that defendant was negligent in failing to keep his fence in a state of repair so as to prevent cattle grazing on his land from escaping and damaging plaintiff's soybean crop where it tended to show that defendant used land next to plaintiff's soybean crop for grazing cattle which were the only cattle kept in this area, the 1600-foot common boundary between plaintiff's crop and defendant's land was separated by a cedar post and barbed wire fence that was in a poor state of repair, plaintiff on numerous occasions told defendant the fence was incapable of containing defendant's cattle, in July 1973 plaintiff inspected his soybean crop and found it undamaged, and a subsequent inspection in August revealed that cattle had eaten and trampled two acres of plaintiff's soybean crop.

6. **Damages § 4— damages to crops — market value — deductions for expenses**

The trial court erred in awarding as damages for two acres of growing soybeans destroyed by cattle the local market price of the expected yield of the two acres without deducting expenses which would have been required to mature, care for and market the crop.

APPEAL by defendant pursuant to G.S. 7A-30(2) from decision of the Court of Appeals which affirmed judgment entered by *Grant, District Judge,* in ROWAN District Court on 23 January 1975.

Plaintiff instituted this action seeking damages for destruction of his soybean crop by cattle which he alleged defendant negligently allowed to run at large. His damaged crop grew on land located near Mahaley Road in Rowan County.

Defendant's answer admitted ownership of land on Mahaley Road in Rowan County, and that he kept cattle on this land at various times. His answer otherwise amounted to a general denial of plaintiff's allegations.

The case was heard by Judge Grant sitting without a jury. At the close of plaintiff's evidence, defendant moved for

a directed verdict which was denied. Defendant then rested without offering evidence and again moved for a directed verdict which was denied. The trial judge found facts, stated his conclusions of law and entered judgment for plaintiff in the amount of $420. Defendant then moved for judgment n.o.v. which was denied.

The Court of Appeals, in an opinion by Chief Judge Brock, concurred in by Judge Morris, affirmed. Judge Hedrick dissented on the question of damages.

*Robert M. Davis for defendant appellant.*

*No counsel contra.*

BRANCH, Justice.

Defendant did not except to the trial judge's findings of fact or contend by specific assignment of error that the evidence did not support the findings of the trial judge. The Court of Appeals affirmed the judgment of the trial judge on the ground that his findings were unchallenged. In so ruling the Court of Appeals relied upon the following rule of law:

> Defendant has not taken exception to any finding of fact made by the trial judge. In the absence of proper exceptions to the findings of fact by the trial judge, the appeal presents for review only the question whether the findings of fact support the conclusions of law and the entry of the judgment. 1 Strong, N. C. Index 2d Appeal and Error § 26 (1967). In the absence of proper exceptions to the findings of fact, exceptions to the admission of evidence, as well as exceptions to rulings of the judge in denying defendant's motions to dismiss, are ineffectual. . . .

We are advertent to the decisions of this Court which adopt and approve this rule. See *Nationwide Homes of Raleigh, Inc. v. First Citizens Bank and Trust Co.,* 267 N.C. 528, 148 S.E. 2d 693; *Keeter v. Lake Lure,* 264 N.C. 252, 141 S.E. 2d 634; *Taney v. Brown,* 262 N.C. 438, 137 S.E. 2d 827; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351. However, the rule seems to be in direct conflict with the provisions of G.S. 1A-1, Rule 52(c) which provides:

> When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency

of the evidence to support the findings may be raised on appeal whether or not the party raising the question has made in the trial court an objection to such findings or has made a motion to amend them or a motion for judgment, or a request for specific findings.

G.S. 1A-1, Rule 52(c) became effective on 1 January 1970. According to our research the last time this Court considered and applied the rule relied upon by the Court of Appeals was in the case of *Nationwide Homes of Raleigh, Inc. v. First Citizens Bank and Trust Co., supra,* which was filed on 16 June 1966. This conflict poses a question of first impression for this Court. Our Rule 52(c) is nearly identical to the Federal Rule 52(b) and we, therefore, turn to the Federal Courts' interpretation of their rule for guidance.

The Ninth Circuit Court of Appeals considered a similar question in the case of *Monaghan v. Hill,* 140 F. 2d 31, and there Stephens, J., speaking for the Court, stated:

Appellee moves to dismiss the appeal or to affirm the order of the District Court on the ground that appellant made no objections and took no exceptions to the order or to the findings of fact and conclusions of law of the trial court, submitted no proposed findings and conclusions in lieu of those adopted, and requested no amendments to the same. The motion is denied. Appellant outlined her objections in her statement of points on appeal. That she made no prior mention of them is immaterial under the provisions of Rule 52 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c: (2) "In all actions tried upon the facts without a jury, * * *. Requests for findings are not necessary for purposes of review. * * *" (b) "* * * When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment." . . .

Accord: *Bingham Pump Co., Inc. v. Edwards,* 118 F. 2d 338 (9th Cir. 1941) cert. denied 314 U.S. 656, 86 L.Ed. 525, 62 S.Ct. 107; *Hill v. Ohio Casualty Ins. Co.,* 104 F. 2d 695 (6th

Cir. 1939) ; 5A Moore's Federal Pracetice ¶ 52.10; 9 Wright & Miller, Federal Practice and Procedure § 2581.

[1]   The plain language of our Rule 52(c) and the interpretation placed upon their rule by the Federal Courts leads us to conclude that defendant's failure to except to the findings of the trial judge did not necessarily preclude appellate review on the question of whether the evidence supported the findings of fact. Nevertheless, it was incumbent upon appellant to assign error so as to outline his objections on appeal. Other than assignments of error directed to rulings of the trial court on admission of evidence, defendant's only assignments of error were that: (1) the court erred in denying defendant's motion for a directed verdict at the close of plaintiff's evidence, (2) the court erred in denying defendant's motion for a judgment for defendant and for a directed verdict at the end of all the evidence, (3) the action of the court in denying defendant's motion for a dismissal and (4) the action of the trial court in denying defendant's motion for a judgment n.o.v.

[2]   It is obvious that defendant's motion for judgment n.o.v. was feckless. The motion for judgment n.o.v. must be preceded by a motion for a directed verdict which is improper in non-jury trials. G.S. 1A-1, Rule 50(b). Obviously the motion for judgment n.o.v. is inappropriate when addressed to the trier of fact.

It is now well established that in a civil action tried without a jury, the former motion for nonsuit has been replaced by the motion for dismissal. G.S. 1A-1, Rule 41(b). A motion for a directed verdict is appropriate in cases tried by jury. G.S. 1A-1, Rule 50; *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297. However, we will treat defendant's motions for directed verdicts as motions for dismissal.

[3, 4]   The motion to dismiss differs from the former motion for judgment as for nonsuit in that the lodging of a motion to dismiss under Rule 41(b) permits the trial judge to weigh the evidence, find facts against plaintiff and sustain defendant's motion at the conclusion of plaintiff's evidence even though plaintiff may have made out a prima facie case which would have repelled the motion for nonsuit under the former practice. In case of a motion to dismiss, the trial judge may decline to render judgment until all the evidence is in. In our view, this is the better practice "except in the clearest cases."

*Helms v. Rea,* 282 N.C. 610, 194 S.E. 2d 1; Phillips' 1970 Supplement to 1 McIntosh North Carolina Practice and Procedure § 1375; see also 5 Moore's Federal Practice 2d Ed. ¶ 41.13[4].

In the case before us, the motion to dismiss was of little significance since defendant offered no evidence. At this point the trial judge was required to find facts, state separately his conclusions of law and enter judgment. G.S. 1A-1, Rule 52(a)(1). *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149. Defendant's notice of appeal and exception to the entry of this judgment presents the face of the record for review including the question of whether the facts found support the judgment and whether the judgment is regular in form. *Hall v. Board of Elections,* 280 N.C. 600, 187 S.E. 2d 52; *Sternberger v. Tannenbaum,* 273 N.C. 658, 161 S.E. 2d 116; *London v. London,* 271 N.C. 568, 157 S.E. 2d 90. When the trial judge sits as the trier of facts, his judgment will not be disturbed on the theory that the evidence did not support his findings of fact if there be any evidence to support the judgment.

[5] Plaintiff introduced competent evidence which tended to show: Plaintiff leased fifteen acres of land from L. H. Foster and during the summer of 1973 all fifteen acres were planted with soybeans. Defendant owned a tract of land adjacent to plaintiff's field. Defendant used this land to graze some of his cattle which were the only cattle kept in this area. The 1,600-foot common boundary was separated by a poor grade cedar post and barbed wire fence that was in a poor state of repair. The barbed wire was old and rusty. Plaintiff, on numerous occasions, told defendant that the fence was incapable of containing defendant's cattle. In July 1973, plaintiff inspected his soybean crop and found it undamaged. A subsequent inspection in August revealed that cattle and calves had eaten and trampled approximately two acres of plaintiff's soybean crop. When plaintiff harvested his soybeans in November 1973, he unsuccessfully attempted to harvest soybeans from the damaged two acres, but the other 13 acres yielded 40 bushels per acre. On the day the soybeans were harvested, the market price of soybeans was $5.25 per bushel.

In our opinion this evidence is sufficient to support the trial judge's conclusion "[t]hat the defendant was negligent in that he failed to keep his fence in a state of repair that would prohibit the cattle grazing on his land from escaping from his land and roaming at large." Therefore, the Court of Appeals

correctly affirmed the trial judge's determination as to actionable negligence.

[6]  We nevertheless find merit in Judge Hedrick's dissent. Defendant's exception to entry of judgment also presents the question of whether the facts found will support the trial judge's legal conclusion "that as a result of defendant's negligence the plaintiff was damaged in the amount of $420." *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363; *Taney v. Brown,* 262 N.C. 438, 137 S.E. 2d 827; *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590.

There is a paucity of North Carolina authority on the question of the measure of damages in cases involving injury to or destruction of growing crops. The North Carolina cases which have considered the measure of damages to growing crops are sparse and rather uninformative. In the early case of *Denby v. Hairston,* 8 N.C. 315, this Court approved an instruction that plaintiff was entitled to recover from defendant-trespasser the highest price the crops were worth. This case did not give any indication as to the time in which the value would be ascertained. The case of *Sanderlin v. Shaw,* 51 N.C. 225, stands for the proposition that evidence may be admitted to show what the price of growing crops would have been at maturity. The Court, in *Roberts v. Cole,* 82 N.C. 292, allowed recovery for such sum as would cover "the injury done to the crops before the plaintiff knew of the irruption of the hogs and had time to drive them out." In the case of *Dixon v. Grand Lodge,* 174 N.C. 193, 93 S.E. 461, plaintiff sought damages for destruction of crops by defendant's trespassing animals. There the Court very briefly stated: "The court properly charged that the damages, if the jury found that damages were sustained by the negligence of defendant, were the reasonable value of the crop destroyed."

These North Carolina cases are generally consistent with the widely accepted rule that the measure of damages for destruction of crops is the value of the crop at the time and place of destruction, and by the same token, the measure for crops injured but not totally destroyed is the diminution in the value of the crop at the time and place of injury. Dobbs Handbook of the Law of Remedies § 5.2 at 325; *Farm Bureau Lumber Company v. McMillan,* 211 Ark. 951; 203 S.W. 2d 398; *Brous v. Wabash R. Co.,* 160 Iowa 701, 142 N.W. 416; *Beville v. Allen,* 28 Ariz. 397, 237 P. 184. See Annotation: Measure of Damages

for Injury to and Destruction of Growing Crops, 175 A.L.R. 159. However, ordinary or annual growing crops often have no ascertainable market value in the field. A practical method for ascertaining damages to growing crops when injured or destroyed in the field is stated in Dobbs Remedies CROPS § 5.2, page 325 as follows:

> . . . Absent specific testimony as to the value of the crop in the field, courts generally make no practical use of the stated measure of damage. Instead they usually award the plaintiff the market value of the lost portion of his crop, as measured at maturity of the crop, less the cost he would have had in harvesting and marketing the lost portion. Under this formula, the plaintiff must prove not only how much was destroyed and its market value at maturity, but also what his probable cost of harvesting and marketing would have been as to the destroyed or damages portion. . . .

A similar rule is stated in 21 Am. Jur. 2d CROPS § 76, page 663, to wit:

> It is the absence of market value generally which necessitates the adoption of some method of calculating the reasonable actual value of a growing crop in the field. The most widely accepted method of arriving at the value of a growing crop at the time of its destruction, assuming that it had no market value, is: (1) to estimate the probable yield had the crop not been destroyed; (2) calculate the value of that yield in the market; and (3) deduct the value and amount of labor and expense which subsequently to, and but for, the destruction would have been required to mature, care for, and market the crop. . . . *Teller v. Bay & R. Dredging Co.*, 151 Cal. 209, 90 P. 942; *Eppling v. Seuntjens*, 254 Iowa 396, 117 N.W. 2d 820; *Cities Service Gas Co. v. Christian* (Okla.) 340 P. 2d 929; *Franklin Drilling Co. v. Jackson*, 202 Okla. 687, 217 P. 2d 816, 19 A.L.R. 2d 1015; *Berg v. Yakima Valley Canal Co.*, 83 Wash. 451, 145 P. 619.

Here there was no testimony as to the value of the growing crop at the time and place of its destruction. The evidence as to damages tended to show that two acres of soybeans were destroyed in August 1973 by defendant's cattle, and the remaining portions of the crop in the same field yielded forty bushels

per acre when harvested' in November of the same year. Further that the local market price for soybeans in November 1973 was $5.25 per bushel.

[6]    In awarding damages in the amount of $420 to plaintiff it is evident that the trial judge merely multiplied the estimated yield of the destroyed two acres by the local market price at the time of harvest. No consideration was given to labor and expenses which would have been required to "mature, care for and market the crop." This was error.

For reasons stated, the judgment is vacated and this cause is remanded to the Court of Appeals with direction that it be returned to the District Court in Rowan County with instruction that there be a new trial in accord with this opinion on the single issue of damages.

Affirmed in part and reversed in part.