DAVIS R. MADIGAN v. AUBREY V. JENKINS AND FANNIE F. JENKINS

No. 7610DC460

(Filed 3 November 1976)

**Rules of Civil Procedure § 8— recovery based on items not listed in complaint — no error**

In an action for damages where plaintiff alleged that he bought a house from defendants, defendants warranted the workmanship of the house, defendants agreed to perform certain work on the property including but not limited to specific items listed by plaintiff, and plaintiff discovered within one year numerous defects in the workmanship and construction of the house including but not limited to certain items listed by plaintiff, the trial court did not err in basing part of the amount of plaintiff's recovery on items not specifically set forth in the complaint, since G.S. 1A-1, Rule 8(a)(1) requires only that a complaint give the court and parties notice of the matters intended to be proved and does not require that detailed facts be pleaded.

APPEAL by defendants from *Murray, Judge.* Judgment entered 26 February 1976 in District Court, WAKE County. Heard in the Court of Appeals 13 October 1976.

In his complaint plaintiff alleged that he purchased a house and lot from defendants; that they warranted the workmanship of the house and further agreed to perform certain painting and repair work on the house; that they failed to perform the work and certain defects in workmanship were discovered. Plaintiff asked for judgment in the sum of $6,000.

Defendants answered but subsequently the answer was stricken because of defendants' failure to answer plaintiff's interrogatories.

Judgment by default was entered and a nonjury trial was held to determine the amount of damages. Following the trial the court made findings of fact and conclusions of law and adjudged that plaintiff recover $3,629.30 plus interest and costs. Defendants appealed.

*Smith, Anderson, Blount & Mitchell, by C. Ernest Simons, Jr., and Joseph E. Kilpatrick, for plaintiff appellee.*

*Basil L. Sherrill for defendant appellants.*

BRITT, Judge.

By their first assignment of error defendants contend the court erred in admitting certain photographs into evidence. The photographs are not included as a part of the record on appeal, therefore, we cannot consider this assignment and it is overruled.

By their two remaining assignments of error, defendants contend the court erred (1) in granting judgment based upon evidence at variance with the complaint, and (2) in striking substantial portions of the narrative of the evidence from the record on appeal since the stricken evidence would have shown a variance between the complaint and proof.

The record reveals that defendants entered no exception to any finding of fact. Evidently, the trial judge in settling the record on appeal and striking a substantial portion of the evidence therefrom had in mind the long prevailing rule that in the absence of proper exceptions to the findings of fact, an appeal presents for review only the question whether the findings support the conclusions of law and the entry of the judgment. See 1 Strong, N. C. Index 2d, Appeal and Error § 26 (1967). While it appears that the stated rule might have been modified by *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976), we find it unnecessary to consider the impact of *Whitaker* on the quoted rule or the application of *Whitaker* to the instant case. Defendants' challenge to the judgment is based solely on the ground that the evidence supporting the judgment is at variance with allegations of the complaint, therefore, we are able to consider the question raised without the stricken evidence.

In his complaint plaintiff alleged that prior to the transfer of the property to him defendants agreed to perform and complete certain work on and about the property "including, but not limited to the following: (some eight items are then set out in detail)." Further on in the complaint plaintiff alleged that within one year following the date plaintiff purchased the property he discovered numerous defects in the workmanship and construction of the house, "including but not limited to the following: (several items are then set out in detail)."

In its findings of fact the trial court determined that prior to the sale of the subject property defendants agreed to com-

plete several of the items specifically listed in the complaint and also certain other items not specifically listed therein. In its findings the court further determined that within one year after the sale plaintiff discovered certain defects in the workmanship and construction of the house; the court set forth several of the items specifically alleged in the complaint and also several items not specifically listed therein.

We perceive no error in the court's basing part of the amount of plaintiff's recovery on items not specifically set forth in the complaint. General rules with respect to pleading are now set forth in G.S. 1A-1, Rule 8. Rule 8(a)(1) provides that a pleading which sets forth a claim for relief shall contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved . . . . "

Our Supreme Court has held that by repealing G.S. 1-122 and enacting Rule 8(a)(1) the General Assembly intended to relax somewhat the strict requirements of detailed fact pleading and to adopt the concept of "notice pleading." *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). Under the "notice theory" of pleading contemplated by Rule 8(a)(1) detailed fact pleading is no longer required. *Sutton v. Duke, supra; Cassels v. Motor Co.,* 10 N.C. App. 51, 178 S.E. 2d 12 (1970).

We find no merit in the assignments of error and they are overruled.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges PARKER and CLARK concur.