CLAUDETTE M. MAYO v. DEBRA ANN S. MAYO

No. 8422SC311

(Filed 5 March 1985)

1. **Rules of Civil Procedure § 41— motion for directed verdict in non-jury case— treated as motion for involuntary dismissal—waived by evidence**

     In an action tried without a jury to determine the sole surviving heir of a man who had married both plaintiff and defendant, defendant's motion for a directed verdict was treated on appeal as a motion for involuntary dismissal under Rule 41(b); however, because defendant presented evidence after she made her motion, she waived her right to have reviewed on appeal the question of whether her motion was erroneously denied.

2. **Marriage § 6— multiple marriages—presumption that second marriage valid— conclusion that presumption overcome—supported by findings and evidence**

     When two marriages to the same person are shown, the second marriage is presumed to be valid, and the burden of proof is on the party asserting its illegality. The conclusion of the trial court, sitting without a jury, that plaintiff had met that burden was supported by findings and evidence that plaintiff and Danny Lee Mayo were married on 30 August 1974, but that Danny Lee Mayo abandoned plaintiff in late 1974 and had no contact with plaintiff after 1976; that Danny Lee Mayo married Donnette Marie Walsh on November 20, 1975; that Danny Lee Mayo met defendant in September 1976 and became engaged shortly thereafter; that defendant learned of the marriage to Donnette Marie Walsh and accompanied Danny to court to get a divorce from Donnette on November 22, 1976; that defendant knew before 28 June 1977 that plaintiff and Danny Lee Mayo had lived together, with plaintiff bearing Danny Lee Mayo a child and that both the child and plaintiff carried Danny Lee Mayo's surname; that Danny Lee Mayo told defendant that he and plaintiff had never been married and defendant never investigated the possibility that plaintiff and Danny Lee Mayo had been married; and that, by the time of her marriage in 1977, it was clear that defendant had extremely strong reasons to think that plaintiff and Danny Lee Mayo were married.

Mayo v. Mayo

3. **Marriage § 4— multiple marriages—award of estate to first wife—supported by evidence**

   In an action to determine the sole heir of Danny Lee Mayo, who had married both plaintiff and defendant, the trial court's finding that Danny Lee Mayo was the sole owner of personal property amounting to $15,432.55, and the award of that amount to plaintiff as the first wife minus a down payment on a tractor-trailer made by defendant, was supported by ample and competent evidence and was therefore affirmed.

APPEAL by defendant from *Morgan, Judge.* Judgment entered 5 December 1983 in Superior Court, IREDELL County. Heard in the Court of Appeals 28 November 1984.

Plaintiff, Claudette Mayo (Claudette) filed this action to have herself declared the sole surviving heir of Danny Lee Mayo. Danny Mayo married Claudette on 30 August 1974. One child, Alea Marie Mayo, was born of that marriage. Danny Mayo and Claudette lived together as husband and wife until the first part of 1975. Pursuant to a decree entered in the State of Texas on 18 May 1976 terminating the parental rights of Claudette and Danny Mayo, Claudette's parents adopted the child, Alea. Claudette never filed for a divorce from Danny Mayo, but also was never served with divorce papers from Danny Mayo.

On 20 November 1975, Danny Mayo married Donnette Marie Walsh (Donnette). He subsequently obtained a divorce from Donnette on 22 November 1976 in Jackson County, Missouri.

Danny Mayo then married the defendant in this action, Debra Ann S. Mayo (Debra). Debra was present and witnessed Danny Mayo's divorce from Donnette and she was also aware that Danny Mayo had previously had a child by Claudette. After their marriage, Debra and Danny Mayo bought a home in Iredell County. They subsequently acquired another home in Florida and a farm in Alexander County. The three property acquisitions were titled in both their names, as tenants by the entirety. In the spring of 1979, they purchased a GMC tractor-trailer which was titled in Danny's name alone. Debra and Danny Mayo took truck driving training and the two operated the tractor-trailer as a truck driving team.

Danny died intestate on 18 April 1981, whereupon Debra qualified as administratrix of the estate. She ultimately distributed $15,432.55 in cash and the real property to herself as Danny's

only heir. Claudette then filed this action seeking judgment against Debra for the $15,432.55 and the real property, also to be declared the sole surviving heir of Danny Mayo.

The suit was heard before the trial judge sitting without a jury. The trial judge, after hearing all the evidence and making findings of fact and conclusions of law, entered judgment. The trial court entered judgment for the plaintiff, Claudette, as the surviving widow, thus she was entitled to recover from the defendant, Debra, the sum of $11,632.55 with interest at the legal rate of 8% from 21 December 1981. The Court adjudged the real property to be that of the defendant, Debra, by virtue of constructive and resulting trust. Plaintiff and defendant appeal from the judgment.

*Sowers, Avery & Crosswhite, by Isaac T. Avery, Jr. and William E. Crosswhite, for plaintiff appellee.*

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines, for defendant appellant.*

JOHNSON, Judge.

Defendant assigns as error the trial court's denial of her motion for directed verdict and its finding that defendant was not legally married to Danny Lee Mayo. Before determining whether the trial court's denial of the motion was correct, we must examine the procedural aspect of defendant's motion.

[1] Directed verdicts are appropriate only in jury cases. G.S. 1A-1, Rule 50; *Bryant v. Kelly,* 279 N.C. 123, 181 S.E. 2d 438 (1971). This case was tried without a jury. In nonjury civil cases the appropriate motion by which a defendant may test the sufficiency of the plaintiff's evidence to show a right to relief is a motion for involuntary dismissal under Rule 41(b). G.S. 1A-1, Rule 41(b); *Higgins v. Builders and Finance, Inc.,* 20 N.C. App. 1, 200 S.E. 2d 397 (1973). The distinction is more than one of mere nomenclature, as a different test is to be applied to determine the sufficiency of the evidence to withstand the motion when the case is tried before the court and jury than when the court alone is finder of facts. *Neff v. Coach Co.,* 16 N.C. App. 466, 192 S.E. 2d 587 (1972). Though defendant's motion was not properly made, we shall treat it as having been a motion for involuntary dismissal

under Rule 41(b) and shall pass on the merits of the questions which defendant seeks to raise by this appeal. *Id.*

Defendant made her motion at the close of plaintiff's evidence, at which time the trial court denied the motion. Defendant then presented evidence of her own to the court. By doing so, she waived the right to have reviewed on appeal the question whether her motion made at the close of plaintiff's evidence was erroneously denied. *Redevelopment Comm. v. Unco, Inc.*, 23 N.C. App. 574, 209 S.E. 2d 841 (1974), *cert. denied*, 286 N.C. 415, 211 S.E. 2d 795 (1975). "In the case of a motion to dismiss, the trial judge may decline to render judgment until all the evidence is in. In our view, this is the better practice, 'except in the clearest cases.'" *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976). In light of these principles, defendant's assignment of error is without merit.

[2] Defendant next contends that plaintiff did not sustain her burden of proof by overcoming the presumption that the second marriage of Danny Mayo to defendant was valid.

> The decided weight of authority . . . is that when two marriages of the same person are shown, the second marriage is presumed to be valid; that such presumption is stronger than or overcomes the presumption of the continuance of the first marriage, so that a person who attacks a second marriage has the burden of producing evidence of its invalidity. When both parties to the first marriage are shown to be living at the time of the second marriage, it is presumed in favor of the second marriage that the first was dissolved by divorce.

*Denson v. Grading Co.*, 28 N.C. App. 129, 131, 220 S.E. 2d 217, 219 (1975).

For this Court to determine if from all the evidence presented plaintiff overcame the presumption, not only must we state the presumption, we must articulate the law as to the burden of proof each party must carry. The law of burden of proof of a second marriage is set forth as follows:

> A second or subsequent marriage is presumed legal until the contrary be proved, and he who asserts its illegality must prove it. In such case the presumption of innocence and morality prevail over the presumption of the continuance of

the first or former marriage. . . . (I)t is always for the jury where the demand is for an affirmative finding in favor of the party having the burden, even though the evidence may be uncontradicted. . . . Moreover, proof of the second marriage adduced by the defendant, if sufficient to establish it before the jury, raises a presumption of its validity, upon which property rights growing out of its validity must be based.

*Denson v. Grading Co., supra,* at 132, 220 S.E. 2d at 219-20.

The evidence presented by Debra revealed that she and Danny Mayo were legally married in Banff, Alberta Province, Canada on 28 June 1977, which was his second marriage. This evidence was sufficient to invoke the presumption that the second marriage was legal. The burden then shifted to Claudette, his first wife, to produce evidence to show the invalidity of the second marriage.

The issue then becomes whether there was sufficient evidence presented to overcome the presumption that the second marriage was legal. This action was tried before the judge sitting without a jury. "In an action tried before the judge without a jury, the court's findings of fact have the force and effect of a jury verdict. Thus, it is the function of the trial judge to pass on the credibility of the witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence. Therefore, the findings of the trial court are conclusive on appeal if supported by competent evidence even though the evidence might sustain a finding to the contrary." *Hoover v. Kleer-Pak,* 33 N.C. App. 661, 666, 236 S.E. 2d 386, 389, *disc. review denied,* 293 N.C. 360, 237 S.E. 2d 848 (1977). When the trial judge sits as the trier of facts, his judgment will not be disturbed on the theory that the evidence did not support his findings of fact if there is any evidence to support the judgment. *Whitaker, supra.*

The trial judge made extensive findings of fact from the evidence presented by both parties. The trial judge found that plaintiff and Danny Lee Mayo were married on 30 August 1974, but that in late 1974 Danny Lee Mayo abandoned the plaintiff. The last contact which the plaintiff had with Danny Lee Mayo was in 1976. Since that time, plaintiff has had no personal, telephonic or correspondence contact with Danny Lee Mayo and

did not discover his whereabouts until 1982, over a year after his death.

Danny Lee Mayo married Donnette Marie Walsh on November 20, 1975 in Jackson County, Missouri. Danny Lee Mayo met the defendant in September, 1976 and shortly thereafter they announced their plans for engagement and made arrangements to begin wedding plans. The trial judge further found that by becoming engaged, Danny Lee Mayo impliedly represented to defendant that he was single or divorced and thus capable of contracting for marriage. Defendant learned of Danny Lee Mayo's marriage to Donnette Marie Walsh. Upon obtaining that knowledge, she accompanied him to court to get a divorce from Donnette which was granted on November 22, 1976.

The trial judge also found that before 28 June 1977, defendant knew that plaintiff and Danny Lee Mayo had lived together. She also knew that from that union the plaintiff bore Danny Lee Mayo a child and that the child and the plaintiff carried Danny Lee Mayo's surname. Danny Lee Mayo told the defendant that they were not married and also told the defendant that they were never married. The defendant told the plaintiff that Danny Lee Mayo stated that the plaintiff and Danny Lee Mayo were never "legally married." Danny Lee Mayo talked a great deal about his child and indicated the child was a very big part of Danny Lee Mayo, meaning the child was important to him. Danny Lee Mayo knew the address of his minor child in Texas in August, 1975, at a time when the child was living with her grandmother and step-grandfather, now her adoptive parents. Defendant made no investigation of the possibility that Danny Lee Mayo might have married the plaintiff, instead she relied on the statement of Danny Lee Mayo that he and plaintiff had never been legally married. Danny Lee Mayo and the defendant participated in a marriage ceremony on June 28, 1977. Plaintiff did not herself seek or obtain a divorce from Danny Lee Mayo nor was she served with any divorce papers from him. Danny Lee Mayo's statement that he was never legally married to the plaintiff is "proof" that he never obtained a divorce.

The trial court found further that defendant and Danny Lee Mayo had photo albums of the child, but it was not clear whether plaintiff was included in these pictures. It was clear that there

was a relationship between Danny Lee Mayo and the plaintiff from approximately March, 1973, when the child was probably conceived, until late 1974. By the time of her marriage to Danny Lee Mayo in 1977, the defendant had extremely strong reasons to think that the plaintiff and Danny Lee Mayo were indeed married. In April, 1981, the defendant provided information for the obituary of Danny Lee Mayo in the local paper in Statesville, North Carolina, that Alea Marie Mayo was the daughter of Danny Lee Mayo by a previous marriage. Defendant's reasons for stating the information in that light was to avoid embarrassment.

We find first that the trial judge applied the correct burden of proof as to the presumption of the second marriage. We have reviewed the entire record and find that there is competent evidence in the record to support the trial judge's findings of fact. Therefore, these findings of fact are conclusive and binding on this Court. After finding these facts, it was for the trial judge sitting without a jury to weigh the evidence and render judgment. The trial judge concluded, from these findings, that the plaintiff had overcome the presumption of the validity of the second marriage. The findings of fact may be open to different interpretations and conclusions, but the trial judge interpreted and concluded that the burden of proof plaintiff needed to establish to overcome the presumption of validity of the second marriage was met. We will not disturb that decision, since there are facts which logically lead to that conclusion. We do not second guess the jury's verdict, nor will we second guess the weight the trial judge gave the findings in rendering his judgment.

[3] Defendant, in her second assignment of error, contends the trial court erred in awarding plaintiff the amount of $11,632.55, which represented the net personal estate of Danny Mayo minus $3,800.00 that the trial court deducted as an equitable adjustment of the down payment made by defendant on the truck-tractor. The trial judge made the finding that defendant, by sworn report, stated that Danny Lee Mayo was the sole owner of the personal property consisting of: (1) one-half of certain state and federal income tax returns; (2) one-half of two bank accounts, one in North Carolina and one in Florida; and (3) a full interest in a motorcycle and full interest in several vehicles including the 1979 GMC truck-tractor. The trial judge further found that the personal property amounted to $15,432.55 but deducted $3,800.00 which the court

found defendant made as a down payment on the tractor-trailer. The court found that Danny Mayo was the sole owner of this property by virtue of outright gift, by acquisition or accumulation. We find that there is ample and competent evidence in the record to sustain the trial judge's findings of fact, therefore we must affirm the decision of the trial judge. *Hoover v. Kleer-Pak, supra.*

As to plaintiff's cross-appeal that the trial court erred in holding that the defendant is the sole owner of the real property of Danny Mayo, by virtue of constructive or resulting trusts, both parties waived this appeal in oral argument.

The judgment of the trial court is

Affirmed.                              .

Judges WHICHARD and PHILLIPS concur.