PENNIE D. BLALOCK, ADMINISTRATRIX OF THE ESTATE OF JOSIE DANDELAKE, PLAINTIFF v. LUCEAL S. DANDELAKE, DEFENDANT

No. 8810DC23

(Filed 7 June 1988)

**Gifts § 1— gold and diamond brooch—gift—evidence sufficient**
     In an action to determine ownership of a gold and diamond brooch, the evidence was sufficient to support the trial court's finding that the brooch was given to defendant's late husband and that the estate administered by plaintiff had no interest in the brooch.

APPEAL by plaintiff from *Hamilton, Judge.* Judgment entered 21 September 1987 in District Court, WAKE County. Heard in the Court of Appeals 5 May 1988.

*David R. Cockman for plaintiff appellant.*

*Philip C. Shaw for defendant appellee.*

PHILLIPS, Judge.

This dispute is over the ownership of a gold and diamond brooch, which at one time was the property of Josie Dandelake, who died 5 January 1963. Plaintiff administratrix, a stepdaughter of Josie Dandelake, brought this action on 28 August 1985 alleging that the brooch was the sole asset of Josie Dandelake's estate and that it was bequeathed to her and her sisters by Josie Dandelake's holographic will executed 17 August 1960. Defendant, the widow of plaintiff's deceased brother, Charles Dandelake, alleges that Josie Dandelake gave the brooch to her and her husband in 1962, that it has been in her or her husband's possession since 1960, and that in any event plaintiff's action is barred by the statute of limitations and laches. In the trial to Judge Hamilton without a jury plaintiff's testimony, assuming it is sufficient to identify the brooch, indicated that it was given to defendant's husband for safekeeping, while defendant's testimony was to the effect that the gift was unqualified. Plaintiff also testified that she had the purported will in her personal possession for twenty-one years following Josie Dandelake's death before offering it for probate in 1984. There was also evidence that though plaintiff filed a claim against the estate of Charles Dandelake for the brooch in 1984 and the claim was immediately denied, she did not pursue the claim further. Following the trial Judge Hamilton entered judgment for defendant upon findings and conclusions that Josie Dandelake gave the brooch to defendant's husband in 1960, the estate therefore has no interest in the brooch, and the claim is barred by laches and G.S. 28A-19-16.

Contrary to plaintiff's contention, the trial court's finding that Josie Dandelake gave the brooch to defendant's late husband is supported by competent evidence and we are bound thereby. *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976). Since this finding and the conclusion based upon it is dispositive of the appeal, we need not determine whether plaintiff's claim is barred by G.S. 28A-19-16 and laches, as Judge Hamilton also concluded.

Affirmed.

Judges JOHNSON and SMITH concur.